No. 24-70009

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

Roderick Napoleon Harris,
*Petitioner-Appellant,*

v.

ERIC GUERRERO, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
*Respondent-Appellee.*

---

Appeal from the United States District Court for
the Southern District of Texas, Houston Division,
Case No. 3:20-cv-03702-E, Hon. Ada Brown

---

### PETITION FOR PANEL REHEARING

---

| | |
|---|---|
| Gwendolyn C. Payton | Adam H. Charnes |
| John R. Neeleman | KILPATRICK TOWNSEND & |
| KILPATRICK TOWNSEND & | STOCKTON LLP |
|   STOCKTON LLP | 2001 Ross Avenue, Suite 4400 |
| 1420 Fifth Ave., Suite 3700 | Dallas, Texas 75201 |
| Seattle, Washington 98101 | (214) 922-7106 |
| (206) 626-7714 | |

*Attorneys for Petitioner-Appellant*
*Roderick Napoleon Harris*

# CERTIFICATE OF INTERESTED PERSONS

Case No. 24-70009, *Roderick Napoleon Harris v. Eric Guerrero, Director, Texas Department of Criminal Justice, Correctional Institutions Division.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges may evaluate possible disqualifications or recusal.

| | |
|---|---|
| Roderick Napoleon Harris<br>*Petitioner-Appellant* | Eric Guerrero<br>*Respondent-Appellee* |
| Gwendolyn C. Payton<br>Adam H. Charnes<br>John R. Neeleman<br>Kilpatrick Townsend<br>  & Stockton LLP<br>*Counsel for Petitioner-Appellant* | Molly Knowles<br>Office of the Attorney General<br>*Counsel for Respondent-Appellee* |

/s/ Gwendolyn C. Payton
Gwendolyn C. Payton
KILPATRICK TOWNSEND &
  STOCKTON LLP
1420 Fifth Ave., Suite 3700
Seattle, Washington 98101
(206) 626-7714

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ............................................. i

TABLE OF CONTENTS ............................................................... ii

TABLE OF AUTHORITIES .......................................................... iii

INTRODUCTION ..................................................................... 1

ARGUMENT .......................................................................... 2

CONCLUSION ........................................................................ 5

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Buck v. Davis*,
   580 U.S. 100 (2017) ................................................................. 3, 4

*Buntion v. Lumpkin*,
   31 F.4th 952 (5th Cir. 2022) ...................................................... 3, 4

*Dansby v. Hobbs*,
   691 F.3d 934 (8th Cir. 2012) ...................................................... 2, 3

*Miller-El v. Cockrell*,
   537 U.S. 322 (2003) ..................................................................... 3

*Offutt v. United States*,
   348 U.S. 11 (1954) ....................................................................... 5

*Pippin v. Dretke*,
   434 F.3d 782 (5th Cir. 2005) ........................................................ 4

*Rex v. Sussex Justices, Ex parte McCarthy*
   [1924] 1 KB 256 ........................................................................... 5

*Williams v. Chrans*,
   42 F.3d 1137 (7th Cir. 1994) ........................................................ 4

**Statutes**

28 U.S.C. § 2253(c)(2) ........................................................................ 3

**Rules**

Fed. R. App. P. 40(b)(1) ...................................................................... 1

# INTRODUCTION

This is a death penalty case. Appellant Roderick Napoleon Harris filed a motion for a certificate of appealability ("COA") after the district court denied his habeas petition. Just 24 hours after the State filed its opposition to the motion, and before Harris had any chance to request leave to file a reply brief,[1] the Court issued a one sentence order denying the motion. The order was signed by the clerk and "entered at the direction of the Court"—but did not disclose which judges issued the order. Counsel for Harris are unaware of another instance in which this Court denied a motion for a COA, mid-briefing, in a one-sentence order that does not disclose the identities of the judges issuing the order.

Because of these apparent procedural irregularities, and pursuant to FRAP 40(b)(1), Harris petitions for a Panel rehearing. Specifically, Harris requests that the Court vacate the Order, permit him to seek leave to file his reply brief, and issue a memorandum opinion signed by named judges in due course.

---

[1] This Court has a well-established practice of granting leave to file reply briefs supporting a motion for a COA.

## ARGUMENT

This death penalty case involves questions of exceptional importance. Harris filed his Motion for Certificate of Appealability and Incorporated Brief in Support on March 22, 2025. The Motion was timely filed. Harris's brief summarized the entire record, supported by detailed citations to thousands of pages of the record, and argued all the issues that the district court decided. The government filed its opposition brief on April 21, 2025. The government's brief was likewise detailed and thorough. The very next day, on April 22, 2025, less than 24 hours later, the Panel issued a summary decision denying Harris's Motion that was comprised of one sentence: "IT IS ORDERED that Appellant's motion for a certificate of appealability is DENIED." The order was signed by the clerk, but did not disclose which judges issued it.

Whether to issue a summary denial or an explanatory opinion is within the discretion of the court. *Dansby v. Hobbs*, 691 F.3d 934, 935–36 (8th Cir. 2012). However, "when a habeas petitioner files more than one hundred pages of documents urging the court to expand a certificate of appealability, and when a petition for writ of certiorari is sure to ensue," the usual practice is to issue an opinion "explaining to some

degree its decision to deny the application." *Id.* at 936. With all due respect to the judges who issued the Order, it would be impossible for the Court to read, study, consider, and evaluate the arguments in the State's opposition brief in less than 24 hours.

The statutory and case law call upon this Court to undertake an inquiry into whether Harris has been denied a constitutional right. An applicant for a COA must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where, as here, the district court denies a COA on purely constitutional grounds, the Court must determine whether "'jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buntion v. Lumpkin*, 31 F.4th 952, 959 (5th Cir. 2022) (quoting *Buck v. Davis*, 580 U.S. 100, 115 (2017)). The Supreme Court does "not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537

U.S. 322, 338 (2003). "In a capital case, 'any doubt as to whether a COA should issue in a death-penalty case must be resolved in favor of the petitioner.'" *Buntion*, 31 F.4th at 959 (quoting *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005)).

The Court's summary decision less than 24 hours after the State filed its brief is surprising because it is contrary this Court's standard practice regarding its disposition of COAs. A memorandum opinion is the norm. *E.g., Buntion*, 31 F.4th 952; *see also Buck*, 580 U.S. at 117 ("The State defends the Fifth Circuit's approach by arguing that the court's consideration of an application for a COA is often quite thorough. The court 'occasionally hears oral argument when considering whether to grant a COA in a capital case.' . . . Indeed, in one recent case, it 'received nearly 200 pages of initial briefing, permitted a reply brief, considered the parties' supplemental authorities, invited supplemental letter briefs from both sides, and heard oral argument before denying the request for a COA.'").

The use of a one-sentence order in this context denied Harris due process. See *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1994) ("Summary proceedings are, of course, an exception to our normal course

4

of considering an appeal and, in any situation, ought to be employed only when the appropriateness of such a course is clear and only with great solicitude for the substantial rights of the parties. . . . In a capital case such as this one, our circumspection ought to be particularly heightened.").

As Lord Hewart famously explained in 1924, it "is of fundamental importance that justice should not only be done, but should manifestly and undoubtedly be seen to be done." *Rex v. Sussex Justices, Ex parte McCarthy* [1924] 1 KB 256, 259. Or, as Justice Frankfurter later wrote for the Court, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U.S. 11, 14 (1954). With all due respect to the Panel, a one-sentence Order, issued less than 24 hours after the State filed its opposition brief, before Harris could seek leave to file his reply brief, containing no reasoning, and not identifying the judges issuing the Order simply does not satisfy the requisite "appearance of justice."

## CONCLUSION

The Court should grant this petition, vacate the Order, and issue a reasoned opinion, signed by the judges issuing it, in due course. The Court should also grant Harris leave to file a reply brief.

Respectfully submitted,

                                        /s/ *Gwendolyn C. Payton*
Adam H. Charnes                          Gwendolyn C. Payton
KILPATRICK TOWNSEND &                    John R. Neeleman
  STOCKTON LLP                           KILPATRICK TOWNSEND &
2001 Ross Avenue, Suite 4400               STOCKTON LLP
Dallas, Texas 75201                      1420 Fifth Ave., Suite 3700
(214) 922-7106                           Seattle, Washington 98101
                                         (206) 626-7714

*Attorneys for Petitioner-Appellant
Roderick Napoleon Harris*

# CERTIFICATE OF COMPLIANCE

1. This petition complies with the type-volume limitation of Fed. R. App. P. 40(d)(3) because it contains 1,301 words, excluding those parts exempted by Fed. R. App. P. 32(f).

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word 2016.

DATED: May 6, 2025.

/s/ *Gwendolyn C. Payton*
Gwendolyn C. Payton
KILPATRICK TOWNSEND &
  STOCKTON LLP
1420 Fifth Ave., Suite 3700
Seattle, Washington
(206) 626-7714

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system, which will provide notification of such filing to all counsel of record.

/s/ *Gwendolyn C. Payton*
Gwendolyn C. Payton
KILPATRICK TOWNSEND &
  STOCKTON LLP
1420 Fifth Ave., Suite 3700
Seattle, Washington
(206) 626-7714