No. 24-70009

IN THE
# United States Court of Appeals for the Fifth Circuit

RODERICK NAPOLEON HARRIS,
*Petitioner–Appellant,*

v.

ERIC GUERRERO, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
*Respondent–Appellee.*

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division,
Cause No. 3:20-CV-3702-E

**RESPONSE IN OPPOSITION TO
MOTION FOR RECONSIDERATION**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

TOMEE M. HEINING
Chief, Criminal Appeals Division

MOLLY M. KNOWLES
Assistant Attorney General
*Counsel of Record*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Molly.Knowles@oag.texas.gov

*Counsel for Respondent–Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Federal Rule of Appellate Procedure 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

*Respondent–Appellee*
    Eric Guerrero, Director
    TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Counsel for Respondent–Appellee*
    Molly Knowles, Assistant Attorney General
    OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*Petitioner–Appellant*
    Roderick Harris

*Counsel for Petitioner–Appellant*
    Gwendolyn C. Payton
    Adam H. Charnes
    John R. Neeleman
    KILPATRICK TOWNSEND
    & STOCKTON LLP

                                s/ Molly M. Knowles
                                MOLLY M. KNOWLES
                                Assistant Attorney General
                                *Counsel of Record*

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ................................. i

**TABLE OF CONTENTS** ............................................................... ii

**TABLE OF AUTHORITIES** .......................................................... iii

**INTRODUCTION** ........................................................................ 1

**ARGUMENT** ............................................................................... 2

**CONCLUSION** ........................................................................... 10

**CERTIFICATE OF SERVICE** ..................................................... 11

**CERTIFICATE OF COMPLIANCE WITH RULE 32** ..................... 11

**CERTIFICATE OF COMPLIANCE WITH ECF FILINGS STANDARDS** ........................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                **Page(s)**

*Andrus v. Tex.*, 590 U.S. 806 (2020) ........................................................ 8, 9

*Bobby v. Van Hook*, 558 U.S. 4 (2009) ........................................................ 7

*Buck v. Davis*, 580 U.S. 100 (2017) ............................................................ 3

*Dansby v. Hobbs*, 691 F.3d 934 (8th Cir. 2012) .......................................... 2

*Jones v. Cain,* 600 F.3d 527 (5th Circ. 2010) .............................................. 4

*Miller-El v. Cockrell,* 537 U.S. 322 (2003) .................................................. 3

*Moore v. Texas,* 581 U.S. 1 (2017) ........................................................... 7, 8

*Offutt v. United States,* 348 U.S. 11 (1954) ................................................ 5

*Rex v. Sussex Justices, Ex parte McCarthy* [1924] 1KB 256 (1923) ......... 5

*Rhines v. Weber*, 544 U.S. 269 (2005) ......................................................... 4

*Strickland v. Washington,* 466 U.S. 668 (1984) ................................... 6, 7, 8

*Thornell v. Jones,* 602 U.S. 154 (2024) ....................................................... 8

*Williams v. Chrans,* 42 F.3d 1137 (7th Cir. 1994) .................................... 5, 6

**Statutes**

Anti-Terrorism and Effective Death Penalty
   Act of 1996 (AEDPA) .............................................................................. 4

28 U.S.C. § 2253 ................................................................................. Passim

**Rules**

Fed. R. App. Proc. 27 ............................................................................... 11

Fed. R. App. Proc. 32 ............................................................................... 11

Fed. R. App. Proc. 40 ................................................................................. 1

Fifth Cir. R. 25.2.13 ................................................................................. 12

Fifth Cir. R. 27.1 ........................................................................................ 1

Fifth Cir. R. 27.2.3 ..................................................................................... 2

# INTRODUCTION

This is a federal habeas corpus appeal brought by Petitioner-Appellant, Roderick Harris, a death-sentenced Texas inmate. Harris filed a motion for a certificate of appealability (COA) challenging the district court's denial of his federal habeas petition. ECF No. 35.[1] The Director filed a response in opposition, and the Court summarily denied Harris's COA motion a day later. ECF Nos. 37, 44.

Harris subsequently filed a petition for panel rehearing, in which he took issue with the Court's expeditious summary denial of COA in his case. ECF No. 46. Harris's petition for rehearing was rejected, and he then filed a motion for reconsideration.[2] ECF No. 47, 48-1 (Mot.).

The Court acted within its discretion when it summarily denied Harris's COA motion, and Harris does not show that additional briefing

---

[1] "ECF No. xx" citations refer to the electronic filing numbers of pleadings as they appear on this Court's docket.

[2] Under Rule 40 of the Federal Rules of Appellate Procedure, rehearing must be sought within fourteen days after judgment is entered. Fed. R. App. P. 40(d)(1). To the extent the same fourteen-day deadline is imposed on motions for reconsideration, *see* Fifth Circuit Rule 27.1, Harris's instant motion may be untimely because it was filed seventeen days after COA was denied on April 22, 2025. *See* ECF Nos. 44, 48-1.

1

or explanation was required before the Court could act. Thus, Harris's motion for reconsideration should be denied.

**ARGUMENT**

Harris asks the Court to reconsider its order denying COA because it is one-sentence long, it was issued within twenty-four hours of the filing of the Director's brief, and it does not satisfy the "requisite 'appearance of justice.'" *See* Mot.[3] But Harris cites nothing to support the notion that the Court's disposition of his COA motion was outside of its lawful discretion, particularly where the arguments put forth in his COA motion were unsupported by precedent or simply foreclosed by the same.

As acknowledged by Harris and at least one other circuit court, in denying a COA, "[w]hether to issue a summary denial or an explanatory opinion is within the discretion of the court." Mot. at 2 (citing *Dansby v. Hobbs*, 691 F.3d 934, 936 (8th Cir. 2012)). Certainly, 28 U.S.C. § 2253 itself does not mention a specific vehicle circuit courts must use when denying a motion for COA. Furthermore, the Supreme Court has

---

[3] Harris also challenges the Court's decision not to identify the judges who acted on his COA motion. Mot. at 5. While Fifth Circuit Rule 27.2.3 requires a three-judge panel to act on COA applications in death penalty cases, there is no requirement in the rule that the three acting judges' names be listed on orders.

2

emphasized that "[t]he COA inquiry . . . is not coextensive with a merits analysis." *Buck v. Davis*, 580 U.S. 100, 115 (2017). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). "This threshold question should be decided without full consideration of the factual or legal bases adduced in support of the claims." *Id.* at 336 (quotation omitted).

Harris cites no law establishing that § 2253 demands written reasoning of a certain length from the Court when COA is denied, and the Supreme Court's observations in *Buck* warn against a lengthy merits inquiry at the COA stage. *See Buck*, 580 U.S. at 114–18 ("We do not mean to specify what procedures may be appropriate in every case. But whatever procedures are employed at the COA stage should be consonant with the limited nature of the inquiry."). Thus, the Court's decision to summarily deny Harris's COA motion was a proper exercise of its discretion.

Furthermore, § 2253 does not require circuit courts to consider a petitioner's COA motion for any minimum amount of time. Harris contends "it would be impossible for the Court to read, study, consider, and evaluate the arguments in the State's opposition brief in less than 24 hours," Mot. at 3, but he fails to acknowledge that he filed his COA motion on March 20, 2025, more than a month before the Court entered its denial. ECF Nos. 35, 44. The case itself was docketed on December 6, 2024, and the electronic record on appeal was filed on January 8, 2025, months before the denial. ECF Nos. 1, 21. Section 2253 does not require the Court to await a brief in opposition to a COA motion before considering the motion itself, and Harris cites no law requiring courts to sit on meritless COA motions before issuing denials.[4] Requiring such a postponement would be counter to AEDPA's[5] goal to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *Cf. Rhines v. Weber*, 544 U.S. 269, 276 (2005) (quotation omitted).

---

[4] Likewise, Harris fails to cite any precedent requiring a circuit court to wait for—or even permit—the filing of a reply brief pertaining to a COA motion. Besides, any new arguments raised by Harris in a reply brief would be considered waived. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived." (citations omitted)).

[5] The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

Because Harris has no legal bases to rely on for his argument that the Court's expeditious summary denial of his COA motion was somehow improper, he contends that the Court's order "simply does not satisfy the requisite 'appearance of justice.'" Mot. at 5. It is unclear how this Court's summary denial of Harris's COA motion contravenes an appearance of justice. Nothing about the procedure undertaken by the Court evokes the perception of unfairness; Harris does not argue that the Court emitted the appearance of bias or conflict of interest in his case, and he does not cite any precedent requiring appellate courts to issue explanatory orders to meet whatever appearance of justice standard exists on appeal.[6]

Finally, to the extent Harris argues the Court's order denied him due process, Harris omits a relevant portion of the caselaw on which he relies: "Summary disposition is appropriate [ ] when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *See* Mot. at 5 (citing *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1994)). *Williams* is not binding on

---

[6] Neither case Harris relies on to support his appearance-of-justice argument relates to an appellate court's discretion to issue a summary denial instead of an explanatory opinion. *See Rex v. Sussex Justices, Ex parte McCarthy* [1924] 1 KB 256, 259 (1923); *Offutt v. United States*, 348 U.S. 11, 14 (1954).

this Court, nor does it specifically deal with the § 2253 COA standard. However, the circumstances before the Court align with the Seventh Circuit's reasoning in *Williams*. That is, the Director's position against Harris's COA motion was so clearly correct as a matter of law that nothing more than a summary denial was necessary from the Court. *Williams*, 42 F.3d at 1139 ("Summary disposition is appropriate, however, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists . . . [and] the Supreme Court of the United States has explicitly noted that the use of summary procedures in capital cases is permitted." (quotations and citations omitted)).

Harris presented plainly meritless arguments in his COA motion. For example, he argued that the "district court misapplied Supreme Court precedent in failing to apply professional norms in evaluating effectiveness of trial counsel." ECF No. 35 at 48. According to Harris, the lower court was required to strictly apply the ABA Guidelines or the Texas Guidelines when evaluating alleged trial counsel deficiency. *Id.* at 49. Harris's contention is directly at-odds with the Supreme Court's reasoning in *Strickland v. Washington,* 466 U.S. 668 (1984). In fact,

Harris block quoted the very portion of *Strickland* that negates his argument. ECF No. 35 at 51.[7] There, Harris neglected to include a proper citation to *Strickland*; instead, he represented to the Court that the block quote "directly contradicts" *Strickland*'s requirements. *Id*. It goes without saying: *Strickland* cannot directly contradict *Strickland*. The Court acted within its discretion in dismissing Harris's argument without written explanation.[8]

Harris cited *Moore v. Texas*, 581 U.S. 1 (2017) as further support for his argument that standards such as the ABA Guidelines should strictly apply when assessing ineffectiveness claims. ECF No. 35 at 53–54. In *Moore*, the Supreme Court rejected the consideration of non-clinical factors when examining intellectual disability claims. *Moore*, 581

---

[7]  The *Strickland* passage block quoted by Harris provides: "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688–89.

[8]  Harris's argument regarding the reliance on formalized guidelines is also foreclosed by *Bobby v. Van Hook*, 558 U.S. 4, 9 (2009) ("[W]hile States are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented, we have held that the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." (citation omitted)).

U.S. at 20–21. But according to Harris, based on *Moore*, "courts must measure trial counsel's performance against professional norms developed by lawyers experienced in representing capital defendants— whether offered through the ABA Guidelines, expert testimony, or other recognized sources for which there is a proper foundation." ECF No. 35 at 53–54. Harris's contention is patently meritless. The Supreme Court's opinion in *Moore* does not speak to ineffective assistance claims, nor does it overturn the reasoning put forth in *Strickland*. *See* n.7, *supra*.

Harris also argued in his COA motion that the district court incorrectly applied *Thornell v. Jones*, 602 U.S. 154 (2024). ECF No. 35 at 54. In *Jones*, the Supreme Court reemphasized that in assessing *Strickland* prejudice, "a defendant is prejudiced only if 'there is a reasonable probability that, absent [counsel's] errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.'" 602 U.S. at 163 (quoting *Strickland*, 466 U.S. at 695).

According to Harris, *Jones*'s balancing or weighing analysis does not apply in Texas death penalty cases. ECF No. 35 at 56–57. But this argument is foreclosed by Supreme Court precedent. *Andrus v. Tex.*, 590

8

U.S. 806, 821 (2020) (Texas case holding that a reviewing court must "consider the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding— and reweig[h] it against the evidence in aggravation." (citation and internal quotations omitted)). Considering Harris relied on *Andrus* in his COA motion, he should have been on notice that Supreme Court precedent directly contradicted his position. ECF No. 35 at 54, 59–60. Regardless, the argument—that *Jones*'s prejudice analysis is inapplicable in Texas death penalty cases—does not warrant an explanatory opinion from the Court to be rejected.

Harris's counsel may advocate for modification of the law; however, even if that is what occurred in Harris's COA motion, it does not render the arguments presented on Harris's behalf any less meritless. For the foregoing reasons, the Court was within its discretion to enter an expeditious summary denial of Harris's COA motion, particularly where his arguments in support of the issuance of a COA were so clearly incorrect as a matter of law.

## CONCLUSION

For the above reasons, the Director requests that this Court deny Harris's motion for reconsideration.

                            Respectfully submitted,

                            KEN PAXTON
                            Attorney General of Texas

                            BRENT WEBSTER
                            First Assistant Attorney General

                            JOSH RENO
                            Deputy Attorney General for
                            Criminal Justice

                            TOMEE M. HEINING
                            Chief, Criminal Appeals Division

                            <u>/s/ Molly M. Knowles</u>
                            MOLLY M. KNOWLES*
*Counsel of Record            Assistant Attorney General
                            State Bar No. 24122954

                            P.O. Box 12548, Capitol Station
                            Austin, Texas 78711-2548
                            (512) 936-1400
                            (512) 320-8132 (Fax)

                            ATTORNEYS FOR
                            RESPONDENT–APPELLEE

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Response in Opposition to Motion for Reconsideration has been served electronically to Gwendolyn C. Payton, John R. Neeleman, and Adam H. Charnes, counsel for Petitioner-Appellant, on this the 19th day of May, 2025.

/s/ Molly M. Knowles
MOLLY M. KNOWLES
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

I do hereby certify that this response complies with Rule 32(a)(5)–(6) and Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure. I do hereby certify that this pleading contains 1,999 words, Microsoft Word 365, Century Schoolbook, 14 points.

/s/ Molly M. Knowles
MOLLY M. KNOWLES
Assistant Attorney General

# CERTIFICATE OF COMPLIANCE WITH ECF FILING STANDARDS

I do hereby certify that: (1) all required privacy redactions have been made pursuant to Fifth Circuit Rule 25.2.13; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus-scanning program and is free of viruses.

/s/ Molly M. Knowles
MOLLY M. KNOWLES
Assistant Attorney General